UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Eukarys Medina, *individually and on behalf of all others similarly situated*,

                         Plaintiff,

-against-

Costco Wholesale Corporation,

                         Defendant.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
22-CV-07388 (DG) (TAM)

DIANE GUJARATI, United States District Judge:

Plaintiff Eukarys Medina brings this putative class action against Defendant Costco Wholesale Corporation ("Costco"), stemming from the purchase of laundry detergent sold by Defendant. *See generally* Amended Complaint ("Am. Compl."), ECF No. 11. The Amended Complaint alleges (1) violation of New York General Business Law ("GBL") Sections 349 and 350; (2) violation of the "Consumer Fraud Acts" of various states; (3) breaches of express warranty and implied warranty of merchantability/fitness for a particular purpose; and (4) unjust enrichment. *See generally* Am. Compl.

Pending before the Court is Defendant's Motion to Dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Notice of Motion, ECF No. 21; *see also* Defendant's Memorandum of Law in Support ("Def.'s Br."), ECF No. 22; Defendant's Reply in Support ("Reply"), ECF No. 24. Plaintiff opposes the Motion to Dismiss. *See* Plaintiff's Memorandum of Law in Opposition ("Pl.'s Br."), ECF No. 23.

For the reasons set forth below, Defendant's Motion to Dismiss is granted and the Amended Complaint is dismissed.

**BACKGROUND**

**I.     Factual Background[1]**

Plaintiff alleges that Costco makes and sells containers of 5.73 liters of detergent marketed as sufficient to wash 146 loads of laundry under its Kirkland Signature Ultra Clean brand; that the reference to 146 loads "grabs the purchaser's attention" but "is followed by a difficult-to-see asterisk;" that the front label does not inform consumers that an explanation for the asterisk can be found on the back label; and that "[o]nly when the container is reversed and the consumer wades through a wall of pictures, symbols and words of varying size, font and color" will they learn that the amount of detergent is only sufficient for 146 loads when the cup is filled to slightly below line 4 on the cup.  *See* Am. Compl. ¶¶ 1-4.

Plaintiff further alleges that "[t]hough the label designates 'line 4' as corresponding to 'Regular' size loads of laundry, the only other size indicated is 'Large,' which means 'Regular' is more accurately described as 'Small' or at best medium," *see* Am. Compl. ¶ 5, and that consumers understand "loads" in the context of laundry "to refer to full units, in the same way as other metric and imperial units of measurement, such as meters, liters, grams, feet, ounces and pounds," *see* Am. Compl. ¶ 6.  Plaintiff alleges that this understanding was confirmed by the Department of Energy.  *See* Am. Compl. ¶ 7; *see also* Am. Compl. ¶¶ 8-15 (relating to consumer tendencies with respect to laundry load size).  Plaintiff alleges that "[f]or the majority of Americans who take advantage of the whole usable capacity of their clothes washers and do laundry in loads reasonably characterized as 'large,' they will only have enough detergent for roughly 73 loads" and "[t]he representation of 146 loads when users will achieve half of that

---

[1] The facts set forth in this section are taken from the Amended Complaint and are viewed in the light most favorable to Plaintiff.

2

number is misleading because it is a significant disparity." *See* Am. Compl. ¶¶ 15-16. Plaintiff further alleges – without elaboration – that the detergent containers at issue contain "other representations and omissions which are false and misleading." *See* Am. Compl. ¶ 17.

Plaintiff alleges that "[a]s a result of the false and misleading representations, the [detergent] is sold at a premium price, approximately no less than $20.59 for 5.73 L, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions." *See* Am. Compl. ¶ 18. The Amended Complaint contains additional allegations about the nature of Defendant's business and products. *See* Am. Compl. ¶¶ 28-44.

Plaintiff alleges that she purchased the detergent "at stores including Costco in locations including Kings County between January 2020 and November 2022, and/or among other times." *See* Am. Compl. ¶ 45. Plaintiff alleges that she "read and relied on '146' on the front label which she understood referred to the number of loads of laundry she would be able to do" and that she "did not notice or pay closer attention to the small asterisk next to 'loads.'" *See* Am. Compl. ¶¶ 46-47. Plaintiff alleges that she "is like most Americans who takes advantage of the whole usable capacity of their clothes washers and does laundry in loads reasonably characterized as 'large.'" *See* Am. Compl. ¶ 48. Plaintiff alleges that she bought the detergent "at or exceeding" the price referenced in the Amended Complaint; that she "paid more for the [detergent] than she would have had she known the amount of detergent was sufficient for roughly half of that number of loads of laundry, or would not have purchased it;" that the value of the detergent that she purchased "was materially less than its value as represented by Defendant;" and that she "chose between Defendant's [detergent] and products represented similarly, but which did not misrepresent their attributes, requirements, features, and/or

3

components." *See* Am. Compl. ¶¶ 49-52.  Plaintiff alleges that "Defendant obtained benefits and monies because the [detergent] was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members."  *See* Am. Compl. ¶ 80.[2]

Plaintiff seeks to represent a class of all persons in the State of New York who purchased the detergent within the statutes of limitations (the "New York Class") as well as a separate multi-state class of all persons in the States of Texas, North Dakota, Wyoming, Idaho, Alaska, Arkansas, South Carolina, and Utah who purchased the detergent within the statutes of limitations (the "Consumer Fraud Multi-State Class").  *See* Am. Compl. ¶¶ 53-59.

Plaintiff alleges that the "aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs."  *See* Am. Compl. ¶ 20.

## II. Procedural Background

On December 6, 2022, Plaintiff filed the Complaint in this action.  *See* ECF No. 1.  On April 14, 2023, Defendant filed a letter motion for a pre-motion conference in connection with Defendant's anticipated motion to dismiss the Complaint, in which Defendant argued that the Complaint suffered from various deficiencies.  *See generally* ECF No. 7.  In response, Plaintiff filed a letter opposing Defendant's letter motion, *see* ECF No. 9, followed by a letter indicating that notwithstanding that Plaintiff was "confident in her allegations," she intended to amend the Complaint, *see* ECF No. 10.  On May 5, 2023, Plaintiff filed the Amended Complaint.  *See* ECF No. 11.  On May 19, 2023, Defendant filed a letter motion for a pre-motion conference in connection with Defendant's anticipated motion to dismiss the Amended Complaint, in which Defendant argued that the Amended Complaint suffered from various deficiencies, *see generally*

---

[2] Plaintiff does not allege that the detergent container does not contain enough detergent for 146 regular loads.  *See generally* Am. Compl.

4

ECF No. 12, which motion Plaintiff opposed, *see* ECF No. 14.  On July 11, 2023, the Court held a pre-motion conference regarding Defendant's anticipated motion to dismiss the Amended Complaint.  *See* ECF No. 15.  On November 20, 2023, Defendant filed the Motion to Dismiss, which Plaintiff opposed.  *See* ECF Nos. 21-24.  Subsequently, Defendant filed three letters providing notice of supplemental authority.  *See* ECF Nos. 25-27.[3]

## STANDARD OF REVIEW

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court must "accept all 'well-pleaded factual allegations' in the complaint as true" and "'construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff.'"  *Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020) (first quoting *Iqbal*, 556 U.S. at 679; then quoting *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009)).  However, "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do," and dismissal is proper where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 555, 558.  A court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual

---

[3] As indicated further below, one of the supplemental authorities, *Adeghe v. Procter & Gamble Co.*, No. 22-CV-10025, 2024 WL 22061 (S.D.N.Y. Jan. 2, 2024), is strikingly similar to the instant case – also involving a load number representation on a laundry detergent container. Notably, the plaintiff in *Adeghe* was represented by counsel who also represent Plaintiff here.

5

conclusions." *See Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quotation omitted); *see also Iqbal*, 556 U.S. at 678 (noting that a court is "not bound to accept as true a legal conclusion couched as a factual allegation" (quoting *Twombly*, 550 U.S. at 555)); *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (noting that "factual allegations must be sufficient to support necessary legal conclusions"). "In considering a motion to dismiss for failure to state a claim, '[a] district court is normally required to look only to the allegations on the face of the complaint,'" though "[it] may consider documents that 'are attached to the complaint,' 'incorporated in it by reference,' 'integral' to the complaint, or the proper subject of judicial notice." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

## DISCUSSION

Defendant raises various arguments in support of the Motion to Dismiss. *See generally* Def.'s Br.; *see also* Reply. Defendant argues principally that nothing in the detergent's labeling or packaging communicates a misleading impression to any reasonable consumer. *See* Def.'s Br. at 5-14. Defendant argues that all of Plaintiff's claims fail because she alleges no actionable misrepresentation. *See* Def.'s Br. at 7. Defendant argues that Plaintiff's GBL claims should be dismissed because Plaintiff fails to allege that the phrase "146 Loads" on the detergent label is misleading to consumers and because the Amended Complaint fails to allege that Plaintiff suffered an "actual injury." *See* Def.'s Br. at 14-16. Defendant argues that Plaintiff's "State Consumer Fraud Acts" claim should be dismissed because Plaintiff fails to allege a material misrepresentation or a cognizable injury; because Plaintiff has not even attempted to allege how Defendant supposedly violated the non-New York consumer protection statutes; and because Plaintiff, a New York resident, lacks statutory standing to assert claims under the non-New York

6

consumer protection laws.  *See* Def.'s Br. at 16-17; *see also* Reply at 9.  Defendant argues that Plaintiff's breach of warranty and unjust enrichment claims fail because Plaintiff has no standing to bring these claims, they are inadequately or improperly pled, and/or they are "simply inappropriate to the fact pattern Plaintiff alleges."  *See* Def.'s Br. at 18.

In her opposition briefing, Plaintiff states that she "withdraws her Warranty claims," *see* Pl.'s Br. at 1 n.1,[4] but argues that the rest of her claims should not be dismissed.  Plaintiff argues that it is not implausible to expect that "146 Loads" referred to "Full Load;" that the front label "146 Load" representation supports the "Full Load" expectation; that she has adequately alleged injury; that she can pursue non-New York claims; and that her unjust enrichment claim should proceed, citing Rule 8(d)(2) of the Federal Rules of Civil Procedure.  *See generally* Pl.'s Br.

For the reasons set forth below, Defendant's Motion to Dismiss is granted and the Amended Complaint is dismissed.

## I.      Plaintiff Fails to State a Claim Under GBL

GBL Section 349 provides in relevant part that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful."  *See* N.Y. Gen. Bus. Law § 349.  GBL Section 350 provides that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is . . . unlawful."  *See* N.Y. Gen. Bus. Law § 350.

"To state a claim under either section, a plaintiff must plausibly allege first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act."  *See Adeghe v.*

---

[4]  Accordingly, Plaintiff's claim for breaches of express warranty and implied warranty of merchantability/fitness for a particular purpose is deemed withdrawn.

7

*Procter & Gamble Co.*, No. 22-CV-10025, 2024 WL 22061, at *3 (S.D.N.Y. Jan. 2, 2024) (quotation omitted); *see also Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). "New York courts apply an objective standard in determining whether acts or practices are materially deceptive or misleading: whether the alleged act is likely to mislead a reasonable consumer acting reasonably under the circumstances." *Adeghe*, 2024 WL 22061, at *3 (quotation omitted); *see also Orlander*, 802 F.3d at 300. "To survive a motion to dismiss, a plaintiff must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers." *Adeghe*, 2024 WL 22061, at *3 (quotation omitted). "Instead, a plaintiff must plausibly allege that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." *Id.* (quotation omitted). "Although the question of whether a business practice or advertisement is misleading to the reasonable consumer is generally a question of fact, it is well settled that a court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer." *Id.* (alteration accepted) (quotation omitted).

In determining whether a reasonable consumer would have been misled, context is crucial. *See id.*; *see also Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018). As the *Adeghe* court noted, in circumstances involving statements susceptible to only one interpretation, shoppers are not reasonably expected to investigate further but "when a statement is ambiguous, every reasonable shopper knows the devil is in the details and thus would seek clarification elsewhere on the package." *See Adeghe*, 2024 WL 22061, at *3 (quotation omitted); *see also Engram v. GSK Consumer Healthcare Holdings (US) Inc.*, No. 19-CV-02886, 2021 WL 4502439, at *3 (E.D.N.Y. Sept. 30, 2021).

Here, as in *Adeghe*, Plaintiff's GBL Section 349 and Section 350 claims fail because the

8

term "load" is ambiguous – as Plaintiff's allegations demonstrate, *see, e.g.*, Am. Compl. ¶¶ 8 (referencing "full load"), 9 (referencing "large or very large loads" and "medium loads"), 10 (referencing "large or very large" loads and loads of laundry "characterized as medium") – and therefore, a reasonable consumer would be prompted by the reference to "146 Loads*" to consult the container's back label, where the consumer would find additional context clarifying the representation. *See Adeghe*, 2024 WL 22061, at *4. The back label clarifies for the consumer that the container "CONTAINS 146 LOADS WHEN FILLED TO SLIGHTLY BELOW LINE 4 ON THE CUP." *See* Am. Compl. ¶ 4 (including images of back of detergent container) (capitalization in original). Such clarification defeats Plaintiff's claims. *See Adeghe*, 2024 WL 22061, at *4 (collecting cases). No reasonable consumer considering the container's labeling as a whole would interpret "146 Loads*" to mean that the container contains enough detergent for 146 loads "that take[] advantage of the whole usable capacity of the clothes washer," *see* Am. Compl. ¶ 8.[5] Because a reasonable consumer acting reasonably under the circumstances here would not be misled, Plaintiff fails to state a claim under GBL.

Plaintiff's GBL Section 349 and Section 350 claims are dismissed.[6]

## II. Plaintiff Fails to State a "State Consumer Fraud Acts" Claim

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is

---

[5] For the reasons set forth in *Adeghe*, *see* 2024 WL 22061, at *4, Plaintiff's assertion that consumers understand loads to refer to "full units," *see* Am. Compl. ¶ 6, is unavailing.

Further, Plaintiff's reliance on *Mantikas* is unavailing in light of the fact that there was no misstatement or misleading statement – as opposed to ambiguity – here. *See Mantikas*, 910 F.3d at 637-38 (highlighting the alleged *deceptive* nature of the statements at issue).

[6] In light of the above, the Court need not reach the issue of whether Plaintiff has plausibly alleged an injury.

9

entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). A "short and plain statement of the claim" is required "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555 (quotation and ellipsis omitted).

Here, as in *Adeghe*, Plaintiff's "State Consumer Fraud Acts" claim fails to satisfy the requirements of Rule 8. Although Plaintiff alleges that Defendant violated the "Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class," *see* Am. Compl. ¶ 63, Plaintiff has failed to identify the specific "Consumer Fraud Acts" at issue or how Defendant allegedly violated them. *See* Am. Compl. ¶¶ 63 (alleging only that the Acts "are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce"), 65 (alleging only that "Defendant intended that the members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages"); *see also Adeghe*, 2024 WL 22061, at *5 (noting that plaintiff's failure "to identify the specific 'Consumer Fraud Acts' at issue or how Defendant allegedly violated them . . . has made it impossible for Defendant to assess what she ultimately hopes to prove and falls short of satisfying Rule 8's pleading requirements" (quotations omitted)). Moreover, even if each relevant state "Consumer Fraud Act" were identical to its New York counterpart, Plaintiff's claim would nevertheless fail for, *inter alia*, the reasons set forth above. *See Adeghe*, 2024 WL 22061, at *5-6 (observing that even if each state statute had identical requirements, plaintiff's claims would fail under the same reasonable consumer standard that was fatal to plaintiff's GBL claim).[7]

---

[7] In response to Defendant's statutory standing argument, *see* Def.'s Br. at 17-18, Plaintiff asserts that the prudent course is to defer standing objections until after class certification, *see* Pl.'s Br. at 9. In light of the other deficiencies with respect to Plaintiff's Consumer Fraud Acts claim, the Court does not address the standing issue but notes that Defendant raises certain persuasive arguments with respect to standing.

10

Plaintiff's "State Consumer Fraud Acts" claim is dismissed.

### III. Plaintiff Fails to State a Claim for Unjust Enrichment

To state a claim for unjust enrichment under New York law, a plaintiff must show that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *See Ashland Inc. v. Morgan Stanley & Co.*, 652 F.3d 333, 339 (2d Cir. 2011); *see also Adeghe*, 2024 WL 22061, at *7. Unjust enrichment "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *See Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp. 3d 377, 404 (E.D.N.Y. 2018) (quotation omitted). An unjust enrichment claim is not available where it "simply duplicates, or replaces, a conventional contract or tort claim." *See id*. (quotation omitted); *see also Adeghe*, 2024 WL 22061, at *7 & n.11 (observing that "[c]ourts will routinely dismiss an unjust enrichment claim that simply duplicates, or replaces, a conventional contract or tort claim" and that "even pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action" (quotations omitted)).

Here, Plaintiff's unjust enrichment claim reads, in its entirety: "Defendant obtained benefits and monies because the [detergent] was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits." *See* Am. Compl. ¶ 80. Plaintiff's unjust enrichment claim appears to simply duplicate her other claims and does not appear to be premised on allegations separate from those underlying her other claims. *See generally* Am.

Compl. Dismissal therefore is appropriate. *See, e.g.*, *Adeghe*, 2024 WL 22061, at *7. Moreover, for the reasons set forth above, Plaintiff has not plausibly alleged that Defendant was "unjustly" enriched.

Plaintiff's unjust enrichment claim is dismissed.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 21, is GRANTED and the Amended Complaint, ECF No. 11, is DISMISSED.

Dismissal of the Amended Complaint is without leave to further amend. As an initial matter, Plaintiff's request for leave to amend is made in a single sentence at the end of Plaintiff's opposition briefing and Plaintiff gives no indication of what allegations, if any, Plaintiff would add if granted leave to amend her already-amended pleading. *See* Pl.'s Br. at 10. Plaintiff was apprised of the pleading defects in the Amended Complaint by way of Defendant's letter motion for a pre-motion conference with respect to the Amended Complaint, *see* ECF No. 12, and by way of the pre-motion conference itself and yet did not seek leave to further amend at that time, waiting instead to include a (wholly cursory) request in her opposition to Defendant's Motion to Dismiss. *See generally* docket. On the record before the Court, there is no indication that Plaintiff could provide additional factual allegations that might cure the deficiencies set forth above and lead to a different result. Under these circumstances, leave to amend is not warranted. *See Gallop v. Cheney*, 642 F.3d 364, 369-70 (2d Cir. 2011); *see also Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018).[8]

---

[8] As the *Adeghe* court noted, "courts around the country have been inundated with a seemingly endless supply of trivial (bordering on frivolous) lawsuits, asking the courts to read the labels of consumer goods in manners that strain credulity or to simply ignore other relevant language provided on the labels." *See Adeghe*, 2024 WL 22061, at *9 (quoting *Van Orden v. Hikari Sales U.S.A., Inc.*, No. 22-CV-00504, 2023 WL 5336813, at *10 (N.D.N.Y. Aug. 18, 2023)).

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: July 25, 2024
Brooklyn, New York